Certiorari granted by Supreme Court, July 1, 2014
Vacated and remanded by Supreme Court, July 1, 2014

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-2362**

---

GESTAMP SOUTH CAROLINA, L.L.C.,

Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD,

Respondent.

---

**No. 12-1041**

---

NATIONAL LABOR RELATIONS BOARD,

Petitioner,

v.

GESTAMP SOUTH CAROLINA, L.L.C.,

Respondent.

---

On Petition for Review and Cross-application for Enforcement of an Order of the National Labor Relations Board. (11-CA-22595; 11-CA-22628)

---

Argued: October 24, 2012          Decided: October 16, 2013

---

Before TRAXLER, Chief Judge, KEENAN, Circuit Judge, and R. Bryan HARWELL, United States District Judge for the District of South Carolina, sitting by designation.

---

Petition for review granted; cross-application for enforcement denied; vacated and remanded by unpublished per curiam opinion.

---

**ARGUED:** John J. Coleman, III, BURR & FORMAN LLP, Birmingham, Alabama, for Gestamp South Carolina, L.L.C. Nina Schichor, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for the Board. **ON BRIEF:** Marcel L. Debruge, BURR & FORMAN LLP, Birmingham, Alabama, for Gestamp South Carolina, L.L.C. Lafe E. Solomon, Acting General Counsel, Celeste J. Mattina, Deputy General Counsel, John H. Ferguson, Associate General Counsel, Linda Dreeben, Deputy Associate General Counsel, Usha Dheenan, Supervisory Attorney, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for the Board.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gestamp South Carolina, LLC, petitions for review of an order of the National Labor Relations Board ("the NLRB" or "the Board") affirming the decision of an administrative law judge ("ALJ") finding that Gestamp violated the National Labor Relations Act ("the NLRA"). For the reasons stated herein, we grant Gestamp's petition for review, deny the Board's cross-application for enforcement, vacate the Board's decision, and remand.

As is relevant to this appeal, the Board's Acting General Counsel issued a complaint alleging that Gestamp violated 29 U.S.C. § 158(a)(3) and (1) by suspending and discharging employee David Anthony Kingsmore and by discharging employee Reggie Alexander because of their union organization efforts. The complaint also alleged that Supervisor and Quality Engineer Michael Fink violated 29 U.S.C. § 158(a)(1) by warning Kingsmore that he would be fired if General Manager Carmen Evola found out he was trying to unionize the facility. Following a hearing, the ALJ found that Gestamp and Fink had committed the alleged violations.

On appeal, a three-member panel of the NLRB, comprised of Board Members Mark Gaston Pearce, Craig Becker and Brian E. Hayes, affirmed the ALJ's decision and adopted the ALJ's recommended order with minor modifications. Gestamp petitioned

3

for review of the Board's order, raising several non-constitutional challenges to the decision, and the Board cross-petitioned for enforcement of the order. Following oral argument, however, Gestamp raised an additional, constitutional challenge to the Board's power to act at the time it issued its decision, based upon our recent decision in NLRB v. Enterprise Leasing Co. Southeast, 722 F.3d 609 (4th Cir. 2013).

In Enterprise Leasing, we held that the President's recess appointment of a board member to the NLRB is constitutionally valid under the Recess Appointments Clause of the United States Constitution only if the appointment is made during an intersession, as opposed to an intrasession, recess of the Senate. See id. at 652. Further, if the recess appointment of any one member of a three-member NLRB panel is invalid, the appointment is "invalid from [its] inception," and there can exist no lawful quorum to exercise the authority of the Board under the NLRA. Id. at 660 (internal quotation marks omitted); see New Process Steel, L.P. v. NLRB, 130 S. Ct. 2635, 2638 (2010) ("[F]ollowing a delegation of the Board's powers to a three-member group, two members [cannot] continue to exercise that delegated authority once the group's (and the Board's) membership falls to two."). In doing so, we followed recent rulings of our sister circuits on this important constitutional issue. See NLRB v. New Vista Nursing and Rehab., LLC, 719 F.3d

4

203 (3rd Cir. 2013); <u>Noel Canning v. NLRB</u>, 705 F.3d 490 (D.C. Cir. 2013), <u>cert. granted</u>, 133 S. Ct. 2861 (June 24, 2013).

Board Member Craig Becker served as one of the three panel members in this case. However, Member Becker was appointed by the President on March 27, 2010, during a two-week adjournment of the Senate. See <u>New Vista</u>, 719 F.3d at 213. Because his appointment was constitutionally invalid from its inception, <u>see id.</u> at 221, there were not enough valid members to meet the requisite quorum and the Board lacked the power to lawfully act when it issued its decision in this case. Accordingly, we grant Gestamp's petition for review, deny the Board's cross-application for enforcement, vacate the Board's decision, and remand the case to the NLRB for further proceedings as may be appropriate.[*]

> <u>PETITION FOR REVIEW GRANTED; CROSS-APPLICATION FOR ENFORCEMENT DENIED; VACATED AND REMANDED</u>

---

[*] As noted above, the United States Supreme Court has granted certiorari review in <u>Noel Canning</u>. See <u>NLRB v. Noel Canning</u>, 133 S. Ct. 2861 (June 24, 2013). Although no formal motion has been made to hold this case in abeyance pending the Supreme Court's decision in <u>Noel Canning</u>, the option was suggested by Gestamp and opposed by the NLRB in their respective Rule 28(j) letters. <u>See</u> Fed. R. App. P. 28(j). In light of our decision in <u>Enterprise Leasing</u>, we decline to delay further resolution of this appeal at this juncture. We also deny Gestamp's Motion to Strike the NLRB's Rule 28(j) letter and/or for supplemental briefing.